## S. S. Hogue *v.* T. L. Lewellen, Administrator.

1. PLEADING: REPLICATION: DISCONTINUANCE WHEN PLAINTIFF FAILS TO REPLY. — The failure of the plaintiff to reply to a plea in confession and avoidance of the action, amounts to a discontinuance of the cause, which may be taken advantage of by the defendant at any time before verdict.
2. STATUTE OF JEOFAILS: DOES NOT CURE OMISSIONS TO PLEAD. — The statute of jeofails, after verdict and judgment, though it cures many defects in pleading, yet it does not cure an omission to plead. The failure to reply to a plea of payment is not, after verdict and judgment, cured, and for such omission a cause will be reversed.

ERROR to the Circuit Court of Tishomingo county. Hon. W. D. Bradford, judge.

*Houston & Reynolds* for plaintiff in error.

*W. & J. R. Yerger* for defendant in error.

PEYTON, J., delivered the opinion of the court.

The defendant in error, administrator of the estate of Joseph Robinson, deceased, sued the plaintiff in error in the Circuit Court of Tishomingo county, on a promissory note payable to his intestate. To this action a plea of payment was filed, accompanied with an account of the several items of set-off. To this plea there was no replication.

At the March Term, 1867, of said court there was a verdict for the plaintiff below, upon which judgment was rendered in his favor. From this judgment the defendant below prosecutes a writ of error to this court, and assigns the following errors:

1. There is no replication to the plea of payment.

2. The pleadings present no issue to be determined by the jury.

It is insisted by the counsel for the defendant in error that these omissions are cured by the statute of jeofails.

We do not think so. As broad as that statute is, it does not apply to a case like this. Although after verdict and judgment it cures many *defects* in pleading, yet it does not cure *entire omissions* to plead.

The failure of the plaintiff to reply to the defendant's plea of payment amounted to a discontinuance of the cause, which might have been taken advantage of by the defendant, and the plaintiff non-prossed at any time before verdict. But after verdict and judgment, the defendant cannot avail himself of the discontinuance. He may, however, avail himself of the omission of the plaintiff to answer the defendant's plea in bar to the action as error. There was nothing for the jury to try in this case. In civil suits they are sworn to try all issues and execute all writs of inquiry that may be submitted to them or left to their decision. There was no writ of inquiry for the jury to execute, nor any issue for them to try. This statute has never been construed to cure entire omissions to plead; but on the contrary this court has decided that it is error to take a verdict on the general issue without answering the plea of payment. *Webster* v. *Tiernan*, 4 How. 352; *Bozeman* v. *Brown*, 6 How. 349.

If the judgment be erroneous in a case where a verdict is taken upon the general issue, when there is another good plea in bar to the action unanswered, the error is believed to be more evident in a case like this, which stands upon a single special plea in bar without being answered, and without any issue for the jury to try. The statute does not cover this case.

The judgment is reversed, the verdict set aside, and the cause remanded.